[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This habeas petition was filed on June 5, 2000, by the petitioner claiming that Conn. Gen. stat. § 54-125a(b) as amended by Public Act, 1995 No. 95-255 § 1 (hereinafter the "Act") is ex post facto
and, therefore, unconstitutional. The relief she seeks is that she be considered eligible for parole after serving 50% of her pre July 1, 1996 sentences (Docket Nos. CR96-60420 and CR604201), rather than having to wait until she has served 85% of her sentences. Petitioner challenges the application of P.A. 95-255 to the sentences imposed for her 1996 offenses.
Based upon the stipulation of the parties and mittimuses attached thereto, the petitioner's original dates of offense were April 17, 1996 and May 9, 1996 prior to the effective date of P.A. 95-255 § 1. In accordance with this Court's recent ruling in the cases of Gus Woods,Jazrael King and Miguel Rentas, a copy of which decision is attached hereto, the Court finds that the above mentioned statute as amended by the above mentioned public act as applied to the petitioner in this case is a violation of the ex post facto clause of theConstitution of the United States, Article 1, § 10. The Act is a criminal and penal statute that applies to offenses occurring before July 1, 1996, its effective date, and operates to create a significant risk of increased punishment for those offenses. Although the court considers requiring CT Page 4115 prisoners to serve 85% of their sentence to be a laudable goal, as always our state laws must function within the bounds of the Constitution of the United States. The Act is unconstitutional beyond a reasonable doubt as applied to this petitioner, as to her pre-July 1, 1996 sentences, which must be calculated for the purpose of parole eligibility under the law in effect prior to July 1, 1996.
Accordingly, the petitioner's writ of habeas corpus is granted, and the Court orders the warden to recalculate his parole eligibility date in accordance with General Statutes Section 54-125a(b) as it existed at the time the offenses occurred, with respect to each sentence. The parties stipulate and this Court finds petitioner's parole eligibility date should be December 4, 2000. Further, the Board of Parole is ordered not to restrict itself to a mandatory minimum service of 85% of petitioner's pre-July 1, 1996 sentences as provided by the Act in determining his eligibility for parole.
Rittenband, JTR